IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KRISTINA ROBERTS,

    Plaintiff,　　　　　　　　　　No. 2:09-cv-01795-MCE-KJN

    v.

CITY OF SACRAMENTO, et. al,

    Defendants.　　　　　　　　　　<u>ORDER</u>
_____/

        Presently before the undersigned[1] is the parties' "Stipulated Protective Order" (Dkt. No. 26) which seeks an order limiting the use and dissemination of "treatment records of Katie Baptist" and related "records . . . includ[ing] references to . . . kidnapping and criminal sexual assault." (<u>id.</u> at 2), all of which the parties seek to designate as "confidential." The undersigned will not approve the proposed stipulated protective order as drafted because it does not conform to the requirements of Eastern District Local Rule 141.1.

        This court's Local Rule 141.1(c) provides:

        (c)    Requirements of a Proposed Protective Order. All

---

[1] This matter was referred to the undersigned pursuant to Eastern District Local Rule 302(c)(1) and an order dated February 8, 2011. (Dkt. No. 24.) That same order also directed that the new case number for this action, which must be used on all future documents filed with the court, is **2:09-cv-01795-MCE-KJN**. (<u>Id.</u>)

1

  stipulations and motions seeking the entry of a protective order shall be accompanied by a proposed form of order.  Every proposed protective order shall contain the following provisions:

  (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

  (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

  (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

E.D. Local Rule 141.1(c).  The parties' stipulated protective order does not make the showing required by subsections (c)(2) and (c)(3) of Local Rule 141.1.  Most importantly, it does not contain any provision addressing "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties."  E.D. Local Rule 141.1(c)(3).  Further, the undersigned is not inclined to approve a stipulated protective order that might require this court to "retain jurisdiction" regarding the proposed confidential information after the termination of this action, as paragraph 13 of the stipulation may envision.

  Accordingly, the undersigned will not approve the parties' stipulated protective order (Dkt. No. 26) as proposed.  However, the parties may either enter into a private agreement or file a new proposed stipulated protective order that meets all of the requirements of the Federal Rules of Civil Procedure and the court's Local Rules.

  For the foregoing reasons, IT IS HEREBY ORDERED that the parties' stipulated protective order (Dkt. No. 26) is not approved, but without prejudice to the refiling of a sufficient proposed stipulated protective order.

  IT IS SO ORDERED.

DATED:  September 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE